FILED
U.S. DISTRICT COURT
SAVANNAH DIV.

2010 OCT 19 AM II: 02

CLERK
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> v. ) <br> ) <br> MARY O. BURROUGHS and ) <br> AARON BRENT BURROUGHS, ) <br> ) <br> Defendants. ) <br> ) | CASE NO. CR410-154 |

## O R D E R

Before the Court is the Magistrate Judge's Report and Recommendation (Doc. 37), to which timely objections have been filed (Docs. 39, 46). A superseding indictment has been filed in this case.[1] (Doc. 40.) After a careful de novo review, the Court finds Defendant Mary O. Burroughs's[2] objections to be without merit and **ADOPTS AS SUPPLEMENTED** the Report and Recommendation of the Magistrate Judge as the order of the Court. Defendant's Motion to Dismiss the Money Laundering Counts (Doc. 28) and Motion to Dismiss Count Nine of the Indictment (Doc. 29) are **DENIED**.

The heart of Defendant's disagreement with the Report and Recommendation is quoted from her objection:

---

[1] However, Defendant Mary O. Burroughs's challenges (Docs. 28, 29) to the initial indictment (Doc. 1) are not affected.
[2] Because this order concerns only Defendant Mary O. Burroughs, the use of "Defendant" refers only to her individually and not any other Defendant.

> Therefore, contrary to the contentions in Report and Recommendation and by the Government, the alleged fact that the withdrawal tickets were converted to official checks which were then deposited by Ms. Burroughs or used to pay for certain items is immaterial. This alleged fact merely relates to the manner in which the funds were withdrawn from the bank and through which the alleged theft/embezzlement offenses were carried out. <u>Until the funds were deposited</u> in another account or transferred to a third party for deposit, they could not be concealed, disguised, etc., and therefore could not be laundered.

(Doc. 39 at 5 (emphasis added).) At best, this argument extracts a convenient rule from distinguishable cases and attempts to apply it incorrectly as a generalized principle to the instant case. Because "[t]he primary issue in a money laundering charge involves determining when the predicate crime becomes a completed offense after which money laundering can occur," <u>Silvestri v. United States</u>, 409 F.3d 1311, 1334 (11th Cir. 2005) (internal quotations and citations omitted), the predicate crime must be examined in a more than cursory manner.

The <u>Silvestri</u> case cites <u>United States v. Gregg</u>, 179 F.3d 1312 (11th Cir. 1999), and <u>United States v. Nolan</u>, 223 F.3d 1311 (11th Cir. 2000), when concluding that "the <u>specified unlawful activity</u> was a completed crime only when money was deposited into a bank account." <u>Silvestri</u>, 409 F.3d at 1334 (emphasis added). A review of the offenses and circumstances surrounding those cases is useful. <u>Gregg</u>, 179 F.3d at 1315-

2

16, involved a money laundering charge preceded by bank fraud, and the Eleventh Circuit concluded that the prior bank fraud crime was "a completed crime when Gregg fraudulently obtained the deposit of the proceeds of the check into his account." Id. at 1315. But the money laundering offenses in this case do not involve bank fraud; instead, these counts involve theft.

In Nolan, 223 F.3d at 1311, the defendant received a duplicate payment as a government contractor, decided to return it only if the government discovered the mistake, and deposited the duplicate check into his company's account. (Id.) These acts served as the basis for the crime of theft. (Id.) Subsequently, the defendant transferred an amount equal to the duplicate payment to a second account. (Id.) This transfer was the basis for the defendant's money laundering conviction. (Id.) The Eleventh Circuit concluded that "the theft was a completed crime when Nolan ordered the deposit of the duplicate payment from the [first] account into the [second] account." (Id. at 1316.) The court rationalized this conclusion by stating: "[W]hen the money was deposited into the [first] account, Nolan had control over the money as if he had robbed the government and 'placed the proceeds of the robbery into his own account with the intent to use the money for his own purposes.'" (Id. at 1316.) Therefore, a closer reading of the cases underlying Silvestri do not

3

support the rule that Defendant asks the Court to apply in this case.

Instead, the Court in Silvestri contrasted that case to both Nolan and Gregg when it concluded that "the completion of the underlying criminal offense [of mail fraud] occurred before the Morgensterns deposited the checks." Silvestri, 409 F.3d at 1334 (emphasis added). The Eleventh Circuit does not apply a hard line rule that a deposit is always required before a money laundering charge becomes proper. Instead, the precedent demands a review of the underlying criminal offense. The majority of the cases that Defendant cites deal with appeals after trial; in contrast, this case remains at the post-indictment, pre-trial stage. And the indictment alleges that Defendant embezzled or stole by withdrawing funds "from the Riverview money market account at the Wachovia Bank." (Doc. 1 at 2-4.) It then accuses Defendant of money laundering by using those funds "to purchase official checks made payable to E.H.J., Burroughs Heating and Air, Hendrix Machinery and O.C. Welch Co." (Doc. 1 at 2, 5-6.) The indictment properly alleges that an embezzlement crime occurred and was complete before the separate offense of money laundering was committed.

The Defendant cannot prematurely argue insufficiency of the evidence, well before trial, by improperly attacking the indictment. For the reasons above, the Court finds

4

Defendant's objections to be without merit and **ADOPTS AS SUPPLEMENTED** the Report and Recommendation of the Magistrate Judge as the order of the Court. Defendant's Motion to Dismiss the Money Laundering Counts (Doc. 28) and Motion to Dismiss Count Nine of the Indictment (Doc. 29) are **DENIED**.

SO ORDERED this 19th day of October 2010.

WILLIAM T. MOORE, JR.
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA